UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSM PORTFOLIO LLC, et al., <br> Plaintiffs, <br> v. <br> FUJITSU LIMITED, et al., <br> Defendants. | Case No. 14-mc-80334-KAW <br><br> **ORDER** |

On December 10, 2014, Micron Technology, Inc. moved to compel production of documents and deposition testimony from Alliacense and certain of its employees. Micron is a defendant in a patent case currently pending in the United States District Court for the District of Delaware. It claims that Alliacense, a third party, has key documents and testimony relevant to the litigation.

Micron also filed a motion to file certain portions of its motion to compel under seal. The sole basis for the motion is that the plaintiffs in the underlying case have designated the material at issue confidential pursuant to the stipulated protective order entered in that action. Neither plaintiff, however, has filed a supporting declaration as required by Civil Local Rule 79-5(e)(1).[1] If no such declaration is filed by December 24, 2014, Micron may file the designated material in the public record without further order from the Court.

---

[1] Only Alliacense, who does not appear to be a party to the underlying case nor the party who designated the information at issue confidential, filed a declaration. Even if the Court were to consider that declaration, however, it does not establish that **all** of the material that has been designated confidential is sealable. In fact, it appears that any such showing is unlikely as the exhibits sought to be sealed in their entirety could be redacted to protect only that information which is truly sealable.

If the plaintiff(s) who designated the material confidential elects to file the required declaration, it must identify what portions, if any, are sealable. A declaration offered to support the sealing of an exhibit in its entirety must establish that the entire exhibit is sealable. Otherwise, the declaration must contain proposed redactions that will appropriately limit sealing to only that information which is truly sealable. *See* Civil L.R. 79-5(b) ("The request must be narrowly tailored to seek sealing only of sealable material . . . "). If any supporting declaration does not comply with Civil Local Rule 79-5, the Court may deny the motion to file under seal.

Furthermore, upon an initial review of the motion to compel, it appears that Alliacense and Micron should be able to resolve their discovery disputes without judicial intervention. The Court, therefore, orders them to meet and confer to resolve their disputes. They may stipulate to extend the briefing schedule on the motion to compel to facilitate this. If, however, Micron and Alliacense decline to resolve their disputes, and it becomes apparent that the conduct necessitating the motion to compel was intended to unnecessarily multiply the proceedings, the Court will consider whether sanctions are appropriate, be it under the Court's inherent authority or pursuant to 28 U.S.C. § 1927.[2]

**IT IS SO ORDERED**.

Dated: 12/19/2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] As Attorney Thomas Edwards Moore III has used his ECF credentials to file Alliacense's declaration in response to Micron's motion to file under seal, he shall be responsible for serving a copy of this order on Alliacense.

2